VAN NORTWICK, J.
In this workers’ compensation case, Twin Cities Hospital and RSKCO Insurance, the employer and carrier, appeal and Deborah Cantrell, the claimant, cross-appeals an order of the Judge of Compensation Claims (JCC) which granted claimant a period of temporary total disability (TTD) benefits and an evaluation by a reflex sympathetic dystrophy (RSD) specialist, but which denied claimant’s request for TTD benefits for another period and her request for a motorized wheelchair. We hold that the issues raised on cross-appeal do not warrant reversal, and affirm those matters without additional comment. As to the issues raised on appeal, however, we agree with the employer/earrier that the JCC erred in granting an evaluation by a RSD specialist and in awarding TTD benefits for the period of May 6, 2003 to August 14, 2003. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
The claimant was working as an operating room nurse when she slipped and fell on January 16, 2002, injuring her left knee. The accident was accepted as compensable and treatment thereafter was provided, including arthroscopic surgery. Claimant was able to- return to work again in April 2002, but she fell again on June 6, 2002. While no physical abnormality was detected as a result of the second fall, claimant complained of pain in the left knee. A variety of physicians were authorized, and none could account for claimant’s various symptoms, the most notable of which was significant pain in the leg and later throughout the body. Claimant did not attempt to return to work again until February 26, 2003, but on that day, she presented to the hospital emergency room because of pain and swelling in the left leg. So far as the record discloses, she has not returned to work.
As noted, claimant was authorized by the carrier to be seen by a variety of physicians,. including neurologists, an orthopedist, and pain management specialists, none of whom were able to significantly reduce claimant’s complaints of pain. An evaluation of the claimant was performed by Craig Cartia, M.D., a pain management specialist who opined that claimant did not have RSD, a complex nervous system disorder that causes constant foot pain. Dr. Cartia could not explain claimant’s complaints of pain, and he opined that she was capable of sedentary work. As far as a treatment plan, Dr. Cartia advised that he did not have anything to offer claimant which had not already been tried or discussed by the pain management specialist previously treating her. He suggested that a psychological evaluation could be considered if there was a concern regarding malingering and that an evaluation by a RSD specialist, Michael Stanton-Hicks, M.D., was also “an option,” if there continued to be “any questions concerning the patient’s ultimate diagnosis and long term treatment.”
*1040 The JCC found that the claimant had not proved the existence or causal relationship of RSD or complex regional pain syndrome . by objective medical evidence. Nevertheless, the JCC awarded a RSD evaluation based upon Dr. Cartia’s prescription, written concomitantly with his report, which removed claimant from work pending an evaluation at the clinic of Dr. Stanton-Hieks. In the report, Dr. Cartia did not recommend that claimant be placed on a “no-work” status. In fact, Dr. Cartia agreed with the conclusion of the functional capacity evaluation that claimant could work at a sedentary level with some restrictions.
In Dr. Cartia’s report, he discusses a RSD evaluation as a treatment option to be considered. Dr. Cartia’s prescription was written to facilitate that option, if it was to be pursued by the carrier. Neither the report nor the prescription supports the finding of the JCC that the “evidence does support that a referral to a specialist in these/this [sic] is medically necessary and causally related to the work accidents.” Further, there was no other evidence of record which supports a finding that a RSD evaluation is medically necessary or causally connected to the workplace accidents. An employer is to provide benefits “only to the extent that an injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.” § 440.09(l)(b), Fla. Stat. (2001). Because the JCC’s finding is not supported by competent and substantial evidence, we must reverse the award of a RSD evaluation. See Orange County Medical Clinic v. Cappadona, 643 So.2d 1146 (Fla. 1st DCA 1994)(reversing award of an examination because there was no suggestion from the medical evidence that an examination to determine whether claimant was suffering from reflex sympathetic dystrophy was necessary).
In addition, we reverse the award of temporary total disability benefits for the period of May 6, 2003 through August 14, 2003. The psychologist who evaluated the claimant, Bonnie Bendshoof, Ph.D., testified that claimant was not able to work because of major depression and a cognitive disorder. Dr. Bendshoof could not say, however, that the major depression was causally connected to workplace accidents.
Further, according to Dr. Bendshoofs testimony, the cognitive disorder was a product of the combination of depression, pain and the medications taken by claimant. As noted, the depression was not related to the workplace falls, and none of the treating physicians could relate the claimant’s pain to the falls at work. As for the medication noted by Dr. Bendshoof, claimant suffered from a variety of other ailments unrelated to the workplace falls, including fibromyalgia, Sjoren’s disease, and heart disease. Thus, claimant was taking a variety of medications, some of which were not related to her falls, including medication for migraine headaches; and Dr. Bendshoof did not elaborate which medicines contributed to the cognitive disorder. Accordingly, because the depression and cognitive disorder could not be related to the workplace accidents, the award of temporary benefits was erroneous. See Sanchez v. Wise Recycling, Inc., 843 So.2d 1025 (Fla. 1st DCA 2003)(revers-ing award of temporary benefits because claimant failed to show a causal connection between her injury and subsequent wage loss); West Point Stevens v. Wasson, 740 So.2d 44 (Fla. 1st DCA 1999)(reversing award of temporary benefits because there was no competent, substantial evidence supporting a causal connection between claimant’s post-injury wage loss and her *1041 work-related injury). Because the claimant was awarded attorney’s fees and costs in connection to the awards of TTD and an evaluation by a specialist, the award of attorney’s fees and costs must also be reversed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WOLF, C.J. and PADOVANO, J., concur.